IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY BOOSE, Inmate #A-90168,  )
                                )
            Plaintiff,          )
                                )
vs.                             )   CIVIL NO. 99-844-GPM
                                )
THOMAS PAGE, et al.,            )
                                )
            Defendants.         )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*.

The Court will now examine the complaint filed pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating Plaintiff's claims

individually, the Court finds it appropriate to exercise its authority under § 1915A to dismiss certain Defendants against whom Plaintiff has failed to state a claim before allowing Plaintiff to proceed. *See House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Thomas Page, Mark Pierson, Medical Director Hamby, Captain T. Maue, Captain J. Inman, Lieutenant Ashby, Lieutenant Charles Parnell, Lieutenant A. Wilson, Sergeant Hughes, John Doe medical technician, John and Jane Doe, and Sergeant Cadel for forced injection of psychotropic drugs.

**COUNT 2:** Against Defendants Mark Pierson, Captain T. Maue, Captain J. Inman, Lieutenant Ashby, Lieutenant Charles Parnell, Lieutenant A. Wilson, Sergeant Hughes, Sergeant Cadel, and the 5 John Doe tactical team members for excessive force.

### Facts Alleged

Plaintiff claims that he is being injected with psychotropic drugs without his consent. The drugs are being given as part of an experiment designed to test how behavioral patterns can be affected. Plaintiff further alleges that this experimentation was ordered by Medical Director Hamby and was approved by Warden Page. The drugs were apparently administered on a daily basis by Defendants John and Jane Doe.

On January 26th, 1998, Mark Pierson, Captain T. Maue, Captain J. Inman, Lieutenant Ashby,

Lieutenant Charles Parnell, Lieutenant A. Wilson, Sergeant Hughes, Sergeant Cadel, and a John Doe medical technician came to Plaintiff's cell to force Plaintiff to take the drugs. Apparently, when Plaintiff refused to take the drugs, he was maced by Defendant Wilson and then beaten about the head with batons by members of the tactical unit. Eventually, he was taken to a hospital emergency room for treatment of his injuries.

**Count 1**

"Several courts have held that forcing a person to ingest psychotropic drugs, under some circumstances, may violate that person's constitutional rights under the due process clause of the fourteenth amendment," subject to "an 'emergency exception' . . . when the patient is an immediate threat to his own life or the safety of others." *Chambers v. Ingram*, 858 F.2d 351, 359 (7th Cir. 1988). Plaintiff claims that Captain T. Maue, Captain J. Inman, Lieutenant Ashby, Lieutenant Charles Parnell, Lieutenant A. Wilson, Sergeant Hughes, John Doe medical technician, and Sergeant Cadel were all present when, on January 26th, 1998, the John Doe medical technician attempted to give him another dose of the psychotropic drugs. He also claims that Warden Page and Medical Director Hamby ordered the drugs to be administered. Given the facts alleged at this time, this claim is not subject to summary dismissal pursuant to 28 U.S.C. § 1915A. This claim will, therefore, be referred to a United States Magistrate Judge for further pretrial proceedings.

**Count 2**

Plaintiff argues that he was subjected to excessive force when members of the tactical unit beat him after he was maced. Plaintiff further argues that the other Defendants present during the attack did nothing to stop the assault.

The intentional use of excessive force by prison guards against an inmate without penological

justification constitutes cruel and unusual punishment violative of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 503 U.S. 1 (1992); *see also Williams v. Boles*, 841 F.2d 181 (7th Cir. 1988). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [The] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10. Given the facts alleged at this time, this claim is not subject to summary dismissal pursuant to 28 U.S.C. § 1915A.

The Court notes that in the caption to the complaint and in the complaint itself Plaintiff lists approximately 15 Defendants. Plaintiff, however, never describes how Assistant Warden Roger Cowan and Assistant Warden Oliver participated in the alleged violations of Plaintiff's constitutional rights. A Defendant cannot be held liable for damages in a civil rights action for wrongs in which he had no personal involvement. *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Assistant Wardens Roger Cowan and Warden Oliver are, therefore, dismissed with prejudice as Defendants in this action for Plaintiff's failure to state a claim against them.

## Conclusion

For the foregoing reasons, ***Assistant Warden Roger Cowan and Assistant Warden Oliver***,

are hereby **DISMISSED with prejudice** as Defendants in this action.  The Clerk of Court is **DIRECTED** to delete these two Defendants from the caption of this case.

The Clerk is **FURTHER DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *Thomas Page, Mark Pierson, Medical Director Hamby, Captain T. Maue, Captain J. Inman, Lieutenant Ashby, Lieutenant Charles Parnell, Lieutenant A. Wilson, Sergeant Hughes, John Doe medical technician, John and Jane Doe, Sergeant Cadel*, and the *5 John Doe tactical team members*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Federal Rule of Civil Procedure 4(c)(2), to issue and serve process on Defendants *Thomas Page, Mark Pierson, Medical Director Hamby, Captain T. Maue, Captain J. Inman, Lieutenant Ashby, Lieutenant Charles Parnell, Lieutenant A. Wilson, Sergeant Hughes, John Doe medical technician, John and Jane Doe, Sergeant Cadel*, and the *5 John Doe tactical team members* in the manner specified by Federal Rule of Civil Procedure 4(d)(2).  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), Form 1A is to be "issued" (dated) as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the Unknown John and Jane Doe Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). With respect to former employees of the Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Department of Corrections pursuant to this Memorandum and Order shall not be maintained in the Court file nor disclosed by the Marshal.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon those attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by

the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.2(a)(2) of the United States District Court for the Southern District of Illinois, this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Upon the consent of all parties herein, as contemplated by Local Rule 72.3(b)(2) and 28 U.S.C. § 636(c), this matter will be, and it is hereby, **REFERRED** to a United States Magistrate Judge for disposition as contemplated by Local Rules 72.1(h) and 72.3(b)(3).

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. Therefore, Plaintiff is **ORDERED** to notify the Clerk, in writing and not later than seven (7) days after a transfer or other change in address occurs, of his new address. Failure to comply with this requirement may result in sanctions, including dismissal pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED this 27th day of Sept., 2000.

G. PATRICK MURPHY
United States District Judge